UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAWN NEMEROVSKY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                          Case No: 2:14-cv-607-FtM-29DNF

REVENUE RECOVERY CORPORATION,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #15) filed on December 11, 2014. Plaintiff filed a Response (Doc. #23) on January 19, 2015 to which Defendant filed a Reply (Doc. #26) on January 30, 2015. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff Dawn Nemerovsky (Plaintiff) has filed a three-count Complaint (Doc. #1) on behalf of herself and those similarly situated, against Defendant Revenue Recovery Corporation (Defendant) alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). The underlying facts, as set forth in the Complaint, are as follows:

Defendant is a Tennessee debt collection corporation doing business under the names "Revenue Recovery Corporation" and "Revenue Recovery Corporation I." (Id. at ¶¶ 5-7.) At some point prior to October 2013, Plaintiff incurred a debt as the term is defined in the FDCPA. (Id. at ¶¶ 16-20.) Sometime thereafter, Defendant purchased Plaintiff's debt and attempted to collect it via telephone calls and dunning letters. (Id.) These collection activities took place between October 2013 and February 2014. (Id.) According to Plaintiff, during the time Defendant attempted to collect her debt, neither Revenue Recovery Corporation nor Revenue Recovery Corporation I were registered as consumer collection agencies as required by Florida law. (Id. at ¶ 22.) As a result, Plaintiff alleges that Defendant was not permitted to collect consumer debts in Florida and, therefore, Defendant's attempts to collect her debt violated both the FDCPA and the FCCPA. (Id. at ¶¶ 23-24.) Plaintiff further alleges that Defendant committed the same violations in connection with hundreds of other Florida debtors. (Id. at ¶¶ 28-34.)

Defendant now moves to dismiss the Complaint, arguing that records from the Florida Office of Financial Regulation (OFR) conclusively demonstrate that Defendant *was* registered as a consumer collection agency at the time it attempted to collect Plaintiff's debt. Plaintiff does not dispute the authenticity or accuracy of the OFR records, but instead argues that they do not

reflect that the specific entity that attempted to collect her debt was properly registered.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). When analyzing a motion to dismiss for failure to state a claim, the court typically considers only the complaint and the exhibits attached thereto. Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). However, a district court may also consider a document attached to a motion to dismiss if the document is central to the plaintiff's claim and the authenticity of the document is not challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)

**III.**

Each of Plaintiff's three counts is premised upon the allegation that Defendant was not registered as a consumer collection agency at the time it attempted to collect Plaintiff's debt. Defendant contends that OFR records conclusively prove otherwise. If Defendant was properly registered, Plaintiff's claims fail. Thus, OFR records documenting Defendant's licensing status are central to Plaintiff's case. Additionally, Plaintiff does not contest the accuracy or authenticity of the OFR records provided by Defendant. Indeed, Plaintiff also cites to OFR records in her opposition brief. (Doc. #23, pp. 6-23.) Therefore, the Court may properly consider the OFR records for the purposes of Defendant's motion. See, e.g., Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (in an employment discrimination case, district court could consider a "Notification of Personnel Action" attached to defendant's motion to dismiss).

Here, the OFR records demonstrate that Revenue Recovery Corporation I (doing business as Revenue Recovery Corporation) is a licensed consumer collection agency. (Docs. ##15-1; 15-2.) Its license was first issued in February 2011, was renewed yearly from 2011 to 2014, and was set to expire in December 2014. (Id.) Therefore, the Court concludes that the OFR records establish that Revenue Recovery Corporation was a licensed consumer collection

agency when it attempted to collect Plaintiff's debt in late 2013 and early 2014.

Plaintiff nonetheless argues that the OFR records do not exonerate Defendant because Defendant's allegedly impermissible collection activities were made via a separate <u>unregistered</u> entity known as Adjustment Service of North America (Adjustment Service). The name "Adjustment Service" does not appear in Defendant's OFR records and Defendant does not argue that Adjustment Service was a licensed consumer collection agency at the time Defendant attempted to collect Plaintiff's debt.  However, the Complaint makes no mention of Adjustment Service.  To the contrary, the Complaint alleges that Revenue Recovery Corporation, <u>not</u> Adjustment Service, was the entity that attempted to collect her debt.  When reviewing a motion to dismiss, a district court cannot consider factual allegations that the plaintiff failed to allege in the complaint.  <u>Skillern v. Ga. Dep't of Corr.</u>, 191 F. App'x 847, 850 n.4 (11th Cir. 2006).  Accordingly, Plaintiff's allegations regarding Adjustment Service must be disregarded.

As explained above, the OFR records demonstrate that Revenue Recovery Corporation was a registered consumer collection agency at the time it attempted to collect Plaintiff's debt. As a result, each of Plaintiff's claims fail and the Complaint will be dismissed without prejudice.  If Plaintiff intends to allege that a different, unregistered entity such as Adjustment Service

5

attempted to collect her debt, she may do so in an Amended Complaint.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #15) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of March, 2015.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record