UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAWN NEMEROVSKY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                                    Case No: 2:14-cv-607-FtM-29DNF

REVENUE RECOVERY CORPORATION,

    Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #31) filed on April 15, 2015. Plaintiff filed a Response (Doc. #32) on April 29, 2015 to which Defendant filed a Reply (Doc. #35) on May 19, 2015. At the Court's request, the parties filed supplemental memoranda (Docs. ##39-40) on June 18 and July 2, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Dawn Nemerovsky (Plaintiff) has filed a three-count Amended Complaint (Doc. #1) on behalf of herself and those similarly situated, against Defendant Revenue Recovery Corporation alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA).

The underlying facts, as set forth in the Amended Complaint, are as follows:

Defendant is a Tennessee debt collection corporation doing business under the names "Revenue Recovery Corporation" (RRC) and "Revenue Recovery Corporation I" (RRCI). (Id. at ¶¶ 6-7.) Defendant previously conducted business under the name Adjustment Service of North America, Inc. (Adjustment Service). (Id. at ¶ 8.)  At some point prior to October 2013, Plaintiff incurred a debt as the term is defined in the FDCPA. (Id. at ¶ 21.) Sometime thereafter, Defendant purchased Plaintiff's debt and attempted to collect it via telephone calls and dunning letters. (Id. at ¶¶ 22-25.) The collection activities took place between October 2013 and February 2014. (Id.) According to Plaintiff, during the time Defendant attempted to collect her debt, neither RRC nor RRCI were registered as consumer collection agencies as required by Florida law. (Id. at ¶ 27.) As a result, Plaintiff alleges that Defendant was not permitted to collect consumer debts in Florida and, therefore, Defendant's attempts to collect her debt violated both the FDCPA and the FCCPA. (Id. at ¶¶ 26-32.)  Plaintiff further alleges that Defendant committed the same violations in connection with hundreds of other Florida debtors. (Id. at ¶ 30.)

Defendant now moves to dismiss the Complaint, arguing that records from the Florida Office of Financial Regulation (OFR) conclusively demonstrate that Defendant *was* registered as a

2

consumer collection agency at the time it attempted to collect Plaintiff's debt. In response, Plaintiff does not dispute the authenticity or accuracy of the OFR records, but instead argues that they do not reflect that Defendant was properly registered at all relevant times.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v.

3

Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679

### III.

Each of Plaintiff's three counts is premised upon the allegation that Defendant was not registered as a consumer collection agency at the time it attempted to collect her debt. Defendant contends that OFR records conclusively prove otherwise. If Defendant was properly registered, Plaintiff's claims fail. Thus, OFR records documenting Defendant's licensing status are central to Plaintiff's case. Additionally, Plaintiff does not contest the accuracy or authenticity of the OFR records provided by Defendant. Indeed, Plaintiff attaches OFR records as exhibits to her Amended Complaint. (Docs. ##29-1, 29-2.) Therefore, the Court may properly consider the OFR records for the purposes of Defendant's motion. See, e.g., Horne v. Potter, 392 F. App'x 800,

4

802 (11th Cir. 2010) (in an employment discrimination case, district court could consider a "Notification of Personnel Action" attached to defendant's motion to dismiss).

In its June 4, 2015 Order (Doc. #36), the Court concluded that while the OFR records provided by Defendant proved that Defendant is *currently* registered as a consumer collection agency, the OFR records *were not* conclusive proof that Defendant was registered at the time Defendant attempted to collect Plaintiff's debt in late 2013 and early 2014. (Id. at pp. 4-6.) Accordingly, the Court granted Defendant the opportunity to provide additional OFR records demonstrating that it was registered during the relevant time period. (Id.)

Defendant's supplemental filing did not provide any additional OFR records concerning Defendant's registration during late 2013 and early 2014. Indeed, Defendant concedes that it "does not have an actual copy of the application which was submitted" for that time period. (Doc. #39-1, ¶ 18.) Instead, Defendant provided an affidavit from Jennifer Stamps, Defendant's Director of Administration, in which she testifies that she contacted the OFR by phone in December 2012 and was told that Defendant was registered for the 2013 registration period. (Id. at ¶¶ 20-22.) However, Defendant's affidavit cannot be used to contradict well-pled factual allegations in Plaintiff's Amended Complaint. Here, Plaintiff has alleged that Defendant was not registered as a

consumer collection agency at the time it attempted to collect her debt. This well-pled factual allegation must be taken as true, Erickson, 551 U.S. at 94, except in the rare circumstance where it is contradicted by undisputed documentary evidence, see Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009). As explained above and in the Court's June 4, 2015 Order (Doc. #36), the OFR records provided by Defendant are not conclusive proof that Defendant was registered at the time Defendant attempted to collect Plaintiff's debt in late 2013 and early 2014. Accordingly, Defendant's motion is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #31) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record